# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOEL BELTRAN,<br><br>Defendant. | Case No. CR09-2023<br><br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of August, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Michael Lanigan.

## RELEVANT FACTS

On August 24, 2009, Defendant Joel Beltran was charged by Indictment (docket number 6) with one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, one count of conspiracy to engage in unlawful financial transactions, and one count of distribution of methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on October 26, 2009.

Special Agent Mark McHugh of the Drug Enforcement Administration ("DEA") testified regarding some of the circumstances underlying the instant charges. According to Special Agent McHugh, Defendant was approached by law enforcement officers after he arrived at the airport in Cedar Rapids on August 23, 2009. Defendant was told that co-Defendant Kyle Geary was arrested three days earlier in possession of 3.5 pounds of

1

methamphetamine. Defendant responded by saying, "Let's make a deal." After being *Mirandized*, Defendant was interviewed for approximately eight hours.

Defendant estimated that he had distributed 300-500 pounds of methamphetamine in the Waterloo, Iowa, area since 2004, and had made approximately $1 million. Defendant identified other persons involved in the distribution of methamphetamine, including Kyle Geary, Robert Shine Webster, and James Schaefer. At the time of hearing, the Government played a "chirp" message received from Defendant on Webster's cell phone, in which Defendant asked about money owed by Webster. Defendant told Webster that he was "running out of patience" and that he would soon see him "face-to-face."

Special Agent McHugh also testified regarding a seizure of $60,000 from a van occupied by Defendant on September 3, 2008. In April 2007, $119,000 was seized in Kansas from luggage which contained other items belonging to Defendant. Special Agent McHugh also testified regarding a dispute between Schaefer and Beltran involving the purchase of methamphetamine. The Government played a threatening voice mail left by Defendant left on Schaefer's telephone. The Government also played, and presented a transcript of, a telephone conversation between Schaefer and Defendant, where Defendant threatened Schaefer. Apparently, they worked out their differences, however, and Defendant allegedly sent Schaefer two pounds of methamphetamine in the mail.

Special Agent Jeff McGuire of the Internal Revenue Services ("IRS") testified that Defendant did not file any tax returns for 2004-2007, nor were there any "information returns" filed referencing Defendant. Defendant's girlfriend, co-Defendant Yesenia Arbelaez, did not file returns for 2004 and 2005, and reported income of less than $11,000 in 2006 and 2007. Nonetheless, an account in Arbelaez's name in Waterloo showed deposits of $340,000 between September 2006 and February 2009, with similar withdrawals made by Arbelaez in Arizona. Some of the deposits in Waterloo were made by James Schaefer and co-Defendant Melanie Hayes.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, conspiracy to engage in unlawful financial transactions, and distribution of methamphetamine, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, conspiracy to engage in unlawful financial transactions, and distribution of methamphetamine. Defendant is charged with a large-scale distribution of methamphetamine. The weight of the evidence against Defendant would appear to be substantial. Defendant does not have any ties to the Northern District of Iowa. Defendant has not been employed for at least the last five years. Defendant has a criminal history relating to controlled substances. Defendant has threatened others involved in the

distribution of methamphetamine. His release prior to trial would pose a substantial danger to the community.

If the Court finds there is probable cause to believe that the person committed an offense, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987).

In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 24, 2009) to the filing of this Ruling (August 29, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 28th day of August, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA